**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:24-cr-181** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **ANTWAN LAMAR SHERROD,** | : | |
| | : | |
| **Defendant.** | : | |

<u>**OPINION & ORDER**</u>

This matter is before the Court on Defendant Antwan Lamar Sherrod's Motion for Early Termination of Supervised Release.  (ECF No. 3).  For the following reasons, Sherrod's Motion is **DENIED**.

### I.    BACKGROUND

On January 26, 2022, a federal grand jury in the U.S. District Court for the Southern District of West Virginia indicted Antwan Sherrod with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On July 19, 2022, Antwan Sherrod pleaded guilty.  He was sentenced to five years' supervised release. *United States v. Sherrod*, Case No. 3:22-cr-22, ECF Nos. 1; 38; 49 at 2 (S.D. W. Va.).  Jurisdiction over his supervised release was transferred to this Court on December 13, 2024.  (ECF No. 1).

On January 29, 2026, Sherrod moved for early termination of supervised release through counsel.  (ECF No. 3).  The Government opposed Sherrod's request on February 10, 2026.  (ECF No. 5).  Sherrod did not file a reply brief in support of his Motion, and therefore this matter is ripe for review.

1

## II.    STANDARD OF REVIEW

A court may "order early termination of the period of supervised release" when the defendant "has served one full year of supervised release." *United States v. Green*, 2009 WL 1606603, at *1 (S.D. Ohio June 5, 2009) (Marbley, J.) (citing 18 U.S.C. § 3583(e)(1)).  Courts enjoy discretion in considering whether early termination is warranted by the defendant's conduct *and* is in the interest of justice.  *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025).  Courts must consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e).  These factors are:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence in criminal conduct; (3) the need to protect the public from the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment; (5) the sentencing range provided for by the guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid sentence disparities; and (8) the need to provide restitution to any victim.  18 U.S.C. § 3553(a)(1); (a)(2)(B)–(D); (a)(4)–(7).

## III.    LAW & ANALYSIS

Sherrod's argument is short, and the Court provides it in full:

> On October 20, 2022, Antwan Sherrod was placed on a term of supervised release for five years.  He has been a model probationer.  He has never tested positive for drugs or alcohol.  He has maintained employment.  He has stability and structure. It is respectfully requested that this honorable court terminate the remaining term of probation.

(ECF No. 3 at 2).  Sherrod's Motion also stated that Probation informed his attorney that Sherrod "[was in] compliance with the terms of his supervised release."  (*Id.* at 1).

Sherrod's Motion fails because it is conclusory and does not establish his entitlement to relief.  As the moving party, he bears that burden.  *See United States v. Hall*, 877 F.3d 676, 685–86 (6th Cir. 2017) (generally, the burden of proof is on the moving party); *cf. United States v. Gordon*,

2

2024 WL 1005772, at *2 (6th Cir. Mar. 4, 2024) (prisoner seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing extraordinary and compelling reasons for relief). Sherrod does not advance any developed argument that might support his request for relief. He provides no specifics, instead making "conclusory statements that he no longer requires supervision." *United States v. Campbell*, 690 F. Supp. 3d 165, 167 (W.D.N.Y. 2023). Such statements "do not justify early termination." *Id.*; *accord United States v. George*, 543 F. Supp. 3d 926, 927 (N.D. Ill. 2021) ("Early termination of supervised release is not an entitlement. Instead, '[t]he defendant bears the burden of demonstrating that early termination is warranted.'"); *see also United States v. Aguilar-Andrade*, 2026 WL 673440, at *1–2 (S.D. Cal. Mar. 10, 2026) (denying unopposed motion for early termination as conclusory and determining that the defendant failed to meet her burden to show that termination was justified). Sherrod's Motion is perfunctory at best, "unaccompanied by some effort at developed argumentation." *United States v. Rowe*, 2026 WL 507414, at *9 (S.D. Ohio Feb. 24, 2026) (Marbley, J.) (citation omitted); *accord id.* at 4 n.2 (conclusory and underdeveloped arguments made without citation to legal authority are waived). For this reason alone, Sherrod's Motion fails.[1]

Even on the merits, Sherrod's request fails. District courts generally find early termination of supervised release proper "only when exceptionally good conduct or other changed circumstances are present." *Hale*, 127 F.4th at 641. So it would not be of much weight if Sherrod really has

---

[1] Although district courts abuse their discretion in denying motions for early termination of supervised release "when the record as a whole fails to satisfy [the appellate court] that the district court considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority," *United States v. Tavarez*, 141 F.4th 750, 757 (6th Cir. 2025) (cleaned up), Sherrod has not pointed the Court to any record evidence that might substantiate his argument for the relief he seeks. By way of example, and in what can only be described as a stark and glaring omission, Sherrod's Motion entirely fails to address any applicable section 3553(a) factors—*despite* the fact that the Court *must* review these factors in considering a motion for early termination of supervised release. *Id.* at 758.

adhered to all the requirements of supervised release, because "compliance with all conditions is expected of an individual on supervised release, and noncompliance is a ground for revocation." *Id.* (cleaned up; citation omitted). Plus, there are reasons to doubt Sherrod's representation that he has been in full compliance with the terms of his supervised release. The Government paints wholly a different picture. (*See* ECF No. 5). According to the Government, Sherrod's probation officer has had a slew of difficulties with Sherrod: Sherrod is difficult to reach, has "tested positive for alcohol on *every* urine screen administered since his supervision commenced," and was "argumentative" when instructed to undergo a drug and alcohol assessment. (*Id.* at 2) (emphasis added). More recently, he "tested positive for marijuana on December 15, 2025." (*Id.*). Last but not least, Sherrod's apartment "was recently searched and items from it seized by the Columbus Division of Police's narcotics unit." (*Id.*).

Unless twin Antwan Sherrods inhabit parallel universes, or the Court finds itself presiding in the Twilight Zone, Sherrod's perfunctory narrative is impossible to credit in light of the Government's representations. Not only is Sherrod's Motion brief and unsupported, but his assertions about his compliance are flatly contradicted by the Government and Probation. When the record not only lacks evidence substantiating a defendant's claims for early termination of supervised release, but appears to contradict them based on evidence or the Government's representations, early termination is not warranted. *Cf. George*, 543 F. Supp. 3d at 927 (finding "the record . . . devoid of any evidence to substantiate the arguments [the defendant] articulate[d]").

After carefully considering the statutory requirements, the Court determines that the applicable section 3553(a) factors do not weigh in favor of early termination of supervised release. Indeed, the nature and circumstances of the offense and the history and characteristics of Antwan Sherrod, 18 U.S.C. § 3553(a)(1), the need to reflect the seriousness of the offense, promote the rule

of law, provide just punishment, afford adequate deterrence in criminal conduct, and protect the public from Sherrod, 18 U.S.C. § 3553(a)(2)(A)–(C), and the need to avoid sentencing disparities, 18 U.S.C. § 3553(a)(6), all weigh strongly against early termination.  Sherrod possessed a firearm despite being prohibited from doing so as a prior felon.  His sentence of supervised release alone was comparatively light given he faced up to 10 years in prison.  In this case, these factors demonstrate that early termination of supervised release is not warranted.  *See United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (district court did not abuse discretion in denying motion based on the first two statutory factors).

Additionally, the Court has serious concerns that Sherrod has *not* been the model probationer, despite representations to the contrary.  Thus, the Court concludes that early termination of supervised release is neither warranted by Sherrod's conduct nor in the interests of justice.  *Compare United States v. Hodge*, 2026 WL 1283496, at *2 (S.D. Ohio May 11, 2026) (Marbley, J.) (finding early termination of supervised release warranted where the defendant was a model prisoner, had been fully compliant while on supervised release, and was managing his end-stage kidney disease).

### IV.    CONCLUSION

For the foregoing reasons, Sherrod's Motion for Early Termination of Supervised Release (ECF No. 3) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  May 15, 2026**

5